## County Superintendents of Schools

ADAMS, Deputy Attorney General, June 26, 1946.—
This department is in receipt of your request for advice as to whether a county superintendent of schools must reside in the county in which he is elected or appointed for a period of one year prior to such election or appointment. You call our attention to an opinion of this department dated January 6, 1906, from the Honorable Hampton L. Carson, then Attorney General, to the Honorable Nathan C. Schaeffer, then Superintendent of Public Instruction, which held that under section 3 of article XIV of the Constitution of Pennsylvania, no person was eligible for the position of county superintendent of schools who had not been a citizen and an inhabitant of the county for a space of one year before his election.

You ask for a review of Mr. Carson's opinion, which is found in the "Report and Official Opinions of The Attorney General of Pennsylvania for the Two Years Ending December 31, 1906", pages 202 and 203. We quote the following excerpts from said opinion:

"The Constitution expressly says, in the section and article above referred to that 'No person shall be appointed to any office within any county who shall not have been a citizen and an inhabitant therein one year

next before his appointment'. There can be no doubt of the fact that the office of county superintendent is a county office. The Act of 8th of May, 1854, in the 37th section (P. L. 628), provides that there shall be chosen, in the manner thereinafter directed, an officer for each county, to be called the county superintendent; . . .

"I am not convinced by the argument made under Article XIV that, because of the designation of county officers in Section 1, the county superintendent not being included in the list, therefore the county superintendent was excluded. The provision is that county officers shall consist, not only of the enumerated officers, but of such others as may from time to time be established by law, and inasmuch as the act making the office in question a county office was in full force and was not disturbed by the Constitution, I see no reason for concluding that the Constitution in effect destroyed the existing system of the State, which has remained unchallenged for more than half a century."

The Act of May 8, 1854, P. L. 617, provided in section 37, as follows:

"Section 37. That there shall be chosen in the manner hereinafter directed an officer for each county, to be called the county superintendent. . . ."

The Act of May 8, 1854, supra, was repealed by the School Code of May 18, 1911, P. L. 309, 24 PS §1, et seq.

The provisions of the Constitution of Pennsylvania involved in the consideration of your question are:

(a) Section 1 of article XIV, which reads:

"County officers shall consist of sheriffs, coroners, prothonotaries, registers of wills, recorders of deeds, commissioners, treasurers, surveyors, auditors or controllers, clerks of the courts, district attorneys, and such others as may from time to time be established by law; and no sheriff or treasurer shall be eligible for the term next succeeding the one for which he may be elected."

(*b*) Section 3 of article XIV, which reads:

"No person shall be appointed to any office within any county who shall not have been a citizen and an inhabitant therein one year next before his appointment, . . ."

With this background, we shall examine the law as it exists today, particularly with regard to the question: "Is the county superintendent of public schools a county officer?"

Section 1104 of the Act of May 18, 1911, P. L. 309, 24 PS §971, reads:

"Every four years there shall be elected as herein provided, in every county in this Commonwealth, a person to be known as the county superintendent."

The following sections, as amended by the Act of May 29, 1931, P. L. 243, are also pertinent:

"Section 1101. For the superintendence and supervision of the public schools of this Commonwealth, there shall be elected or appointed, in the manner herein provided, county superintendents, district superintendents, assistant county and district superintendents, associate superintendents and supervisors of special education."

"Section 1102. Every person elected or appointed as county, district, or assistant county or district superintendent, or associate superintendent, or supervisor of special education must be a person of good moral character."

"Section 1103. No person shall be eligible for election or appointment as a county, district, or assistant county or district superintendent, or associate superintendent, unless he holds a diploma from a college or other institution approved by the State Council of Education of this Commonwealth:

"Provided, That no person shall be elected or appointed a county, district, or assistant county or district superintendent, or associate superintendent, who has not had six years successful teaching experience,

not less than three of which shall have been in a supervisory or administrative capacity: And provided further, That he has completed in a college or university a graduate course in education approved by the State Council of Education: And provided further, That serving either as county, district, or assistant county or district superintendent, or associate superintendent, in this Commonwealth, at the time this act becomes effective, shall be considered sufficient qualification for any of the aforesaid offices."

Section 1121 as amended by the Act of May 27, 1919, P. L. 300, provides:

"Section 1121. The annual salary of each county superintendent elected or appointed under the provisions of this act shall be paid by the State . . ."

An examination of these provisions reveals no requirement that residence in the county is a qualification for election or appointment as county superintendent. The fact that this requirement or qualification is omitted, while others are set forth, makes the legal maxim, "Expressio unius est exclusio alterius", applicable.

Comparing section 37 of the Act of 1854, supra, with section 1104 of the Act of 1911, supra, known as the "School Code", we find two dissimilar provisions, so far as phraseology is concerned, as the result of which we believe that the intent in the School Code was to create a school officer who would serve within the limits of a county, rather than a county officer as created in the Act of 1854 (repealed).

In view of the fact that section 1 of article XIV of the Constitution lists the county officers, and then states: "and such others as may from time to time be established by law", we turn now to The General County Law of May 2, 1929, P. L. 1278, 16 PS §1, et seq., as the most appropriate place to find a county officer established by law.

Section 51 of the Act of May 2, 1929, supra, as amended by the Act of June 9, 1931, P. L. 401, 16 PS §51, contains the following provision:

"In each county, there shall be the following officers elected by the qualified electors of the county: (a) three county commissioners; (b) three auditors, or in all counties where the office of auditor has heretofore or shall hereafter be abolished, one controller; (c) one treasurer; (d) one county surveyor; (e) one coroner; (f) one recorder of deeds; (g) one prothonotary; (h) one clerk of the court of quarter sessions and of the court of oyer and terminer; (i) one clerk of the orphans' court; (j) one register of wills; (k) one sheriff; (l) one district attorney; and (m) two jury commissioners. All such offices shall remain as now constituted in each county.

"All such officers shall be elected at the municipal election next preceding the expiration of the terms of the officers now in office, and quadrennially thereafter, and shall hold their offices for a term of four years from the first Monday of January next after their election and until their successors shall be duly qualified, but in the event that any such officer, so elected, shall fail to qualify, or if no successor shall be elected, then the officer then in office shall continue in office only until the first Monday of January following the next municipal election, at which time his successor shall be elected for a term of four years. This section does not create any office in any county where such office does not now exist."

No reference is made to county superintendents, nor have we been able to find in any other law a provision establishing the county office of county superintendent. The only case we have been able to find involving the question of whether the county superintendent is a county officer is the following:

In Hower v. Wayne County, 21 Pa. C. C. 289 (1898), the court had before it the consideration of the Act of June 18, 1895, P. L. 197, which provided that the county

commissioners should furnish office furniture, etc., for each of the county officers whose offices were located in the county building at the county seat. The question was raised as to whether or not the county superintendent, created by the Act of May 8, 1854, supra, was a county officer, and the court held:

"The common school system is separate and independent from that of the government machinery of the counties and township, and while the plaintiff is an officer of the county having an office located in the county building at the county seat, we are of the opinion that he is not a county officer within the meaning of the Act of June 18, 1895."

The court also called attention to section 1 of article XIV of the Constitution, and applied the legal maxim, "Expressio unius est exclusio alterius."

In view of the fact that we have been unable to find any provision in the law establishing the county superintendent as a county officer, the phrase in section 1 of article XIV of the Constitution, which reads "and such others as may from time to time be established by law", has no present significance.

In Volume 7 of "Debates of the Convention to Amend The Constitution of Pennsylvania", at pages 724 and 725, an attempt was made to add "county superintendents of public schools" to the list of county officers, as set forth in section 1 of article XIV. This motion was not agreed to. See page 725.

We therefore conclude that a county superintendent is not a county officer.

Summing up our examination of the law, we find:

(a) There is no requirement in the Act of 1911, supra, known as the School Code, which requires a county superintendent to be a resident or inhabitant of the county within which he is elected or appointed a county superintendent.

(b) The language used in section 1104 of the Act of 1911, supra, known as the School Code, does not show

an intent to create a county office, as designated in section 1 of article XIV of the Constitution.

(c) The legislature has not availed itself of the authority granted in section 1 of article XIV, to establish a county superintendent as a county officer.

(d) The debates of the constitutional convention reveal a determination by the convention that the county superintendent of public schools should not be a county officer.

We are now faced with the question whether the county superintendent of schools comes within the language of section 3 of article XIV, which reads:

"No person shall be appointed to any office within any county who shall not have been . . . an inhabitant therein one year next before his appointment, . . ."

Article XIV is entitled "County Officers". Section 1 thereof is headed "County Officers" and names them.

Section 2 is headed "Election of County Officers".

Section 3 is headed "Qualifications".

Section 4 is headed "Where Offices shall be Kept", and names the county officers.

Section 5 is headed "Compensation of County Officers".

Section 6 refers specifically to county, township and borough officers.

Section 7 refers to county commissioners and auditors. In other words, all references in article XIV are to county officers and the only exception is where township and borough officers are specifically named in conjunction with county officers.

We are, therefore, of the opinion, and you are accordingly advised that a county superintendent is not a county officer within the meaning of section 3, article XIV, of the Constitution of Pennsylvania; and under the law, as it exists today, a county superintendent is not required to be a citizen and resident of the county of which he is elected or appointed county superintendent.